**E-FILED**
Friday, 12 March, 2010  03:07:08 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| STEPHANIE L. WEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  09-3024 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Plaintiff Stephanie L. West's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Motion) (d/e 22, p. 9-11), Attorney's Affidavit and Memorandum in Support of Motions for EAJA Fees (d/e 22, p. 1-10), and Brief in Support of Petition for Equal Access to Justice Fees (d/e 21). Defendant has filed Commissioner's Memorandum in Opposition to Plaintiff's Application for Attorney's Fees under the Equal Access to Justice Act (d/e 23). This matter is fully briefed and ripe for adjudication. For the reasons described below, Plaintiff's Motion is granted in part, and denied in

1

part.

<u>FACTS</u>

Plaintiff applied for Supplemental Social Security Income (SSI) on January 27, 2004.  <u>See</u> <u>Opinion (d/e 19)</u>, p. 2.  The Social Security Administration (SSA) denied her application initially and upon reconsideration.  <u>See</u> <u>id.</u>, p. 13.  An administrative law judge (ALJ) held an evidentiary hearing on April 7, 2008, and denied Plaintiff's claim on May 27, 2008.  <u>See</u> <u>id.</u>, p. 13, 18.  The Appeals Council denied Plaintiff's request for review on December 12, 2008.  <u>See</u> <u>id.</u>, p. 22.  On February 11, 2009, Plaintiff filed this lawsuit, seeking judicial review of the SSA's denial of SSI benefits.  <u>Complaint (d/e 3)</u>.  Both parties filed motions for summary judgment pursuant to this District's Local Rule 8.1(D).  <u>See</u> <u>Motion for Summary Judgment (d/e 12)</u>; <u>Motion for Summary Affirmance (d/e 16)</u>.  On November 23, 2009, this Court granted Plaintiff's Motion for Summary Judgment and remanded the case for a new administrative hearing pursuant to Sentence 4 of 42 U.S.C. § 405(g).  <u>See</u> <u>Opinion of November 23, 2009 (d/e 19)</u>, p. 31.  Specifically, the Court found that the ALJ did not take into account the full medical record when analyzing whether Plaintiff's impairments met or equaled Listing criteria, and when determining

Plaintiff's residual functional capacity (RFC).  The Court also noted that the ALJ's description of Plaintiff's medical history was not consonant with the record as a whole.  <u>See</u>, <u>e.g.</u>, <u>id.</u>, p. 26.

Plaintiff filed her Petition on December 10, 2009, seeking $3,406.25 in attorneys' fees for 27.25 hours of work her attorney spent on her case. <u>Petition</u>, p. 8.

ANALYSIS

I.    <u>ENTITLEMENT TO ATTORNEYS' FEES</u>

Plaintiff argues that she is entitled to an award of attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), because the Defendant's position before this Court was "not substantially justified."  <u>See</u> EAJA, 28 U.S.C. § 2412(d)(1)(B).  Defendant counters that his position was substantially justified, and also that should the Court award fees, they should go to Plaintiff, and not to Plaintiff's attorney.

Under the EAJA, a party who prevails against the United States in a civil action may be entitled to an award of attorneys' fees.  28 U.S.C. § 2412(d)(1)(B); <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983).  The prevailing party's net worth cannot exceed $2,000,000 as of the time the lawsuit was filed, and the prevailing party must file the application for fees within thirty

3

days of the district court entering judgment.  28 U.S.C. §§ 2412(d)(1)(B) & (d)(2)(B).

If these elements are satisfied, the Commissioner bears the burden of demonstrating that his position at the administrative and trial level was "substantially justified."  28 U.S.C. § 2412(d)(1)(A).  A position is substantially justified if a reasonable person would find that the position had a reasonable basis in law and in fact.  Pierce v. Underwood, 487 U.S. 552, 565 (1988).  The inquiry is whether the Commissioner "had a rational ground for thinking it had a rational ground for its action."  Kolman v. Shalala, 39 F.3d 173, 177 (7th Cir. 1994).  The Court looks to the Commissioner's position as a whole to determine whether it was substantially justified.  United States v. Hallmark Const. Co., 200 F.3d 1076, 1081 (7th Cir. 2000).  "The outcome of a case is not conclusive evidence of the justification for the government's position."  Id.

In this case, both sides agree that Plaintiff is a "prevailing party," that her application for fees was timely, and that her net worth did not exceed $2,000,000 at the time she filed this lawsuit.  The parties' disagreement centers around whether the Commissioner's position was "substantially justified."

The Commissioner argues that his position was substantially justified because Plaintiff did not point to specific medical evidence showing that her pancreatitis met or equaled a Listing, and because the administrative law judge (ALJ) relied on state agency physicians' determination that Plaintiff did not meet the relevant Listing criteria.  The Commissioner also points out that the Court agreed with the ALJ's assessment of Plaintiff's mental conditions, and argues that his position on Plaintiff's drug abuse was substantially justified.

The Court disagrees.  First, the Court noted that the ALJ's portrayal of Plaintiff's physical illnesses was "wholly unsupported by any evidence" because, for example, the ALJ stated that Plaintiff had only been hospitalized once, despite the fact that the medical record was replete with accounts of multi-day hospitalizations.  Opinion of November 23, 2009, p. 26.  This error influenced the ALJ's determination that Plaintiff's conditions did not meet or equal relevant Listing criteria.

With respect to Plaintiff's drug problem, the Court specifically found that the ALJ "dedicated an inappropriate amount of space in his Decision to discussing her past drug abuse."  Id.  During the relevant period, the medical evidence did not support the ALJ's characterization of Plaintiff as

a drug abuser because, as the Court pointed out, all but two of Plaintiff's positive drug tests were due to the pain medication regime she had been prescribed by her doctors.  Id. at 29.  The ALJ's mis-characterization of Plaintiff as an illegal drug abuser factored into his RFC determination, where he concluded that Plaintiff would miss four or more days of work per month because of her substance addiction disorder.  The Court determined that there was "no evidence in the record" that West had missed work because of drug use.  Id. at 30.

The Commissioner's position was not substantially justified in this case, despite the fact that the Court agreed with the Commissioner regarding Plaintiff's mental impairments.   After evaluating the Commissioner's position as a whole in conjunction with the record evidence, the Court cannot say that the position had a rational or reasonable basis in fact, particularly when the Court found in several instances that the ALJ's findings were devoid of support from the record.

II.   REASONABLENESS OF FEES

Having determined that Plaintiff is entitled to EAJA fees, the Court must determine whether the requested amount, $3,406.25, is reasonable. See 28 U.S.C. § 2412(d)(2)(A).  The Commissioner, while arguing that

6

Plaintiff is not entitled to fees, has not objected to the reasonableness of the amount requested.

To determine whether a fee is reasonable under the EAJA, the Court starts by multiplying the number of hours reasonably spent on the case by a reasonable hourly rate.  <u>Commissioner, I.N.S. v. Jean</u>, 496 U.S. 154, 160-61 (1990); <u>see</u> <u>Hensley</u>, 461 U.S. at 437.  Plaintiff here has submitted a detailed billing statement showing that Plaintiff's counsel spent a total of 27.25 hours on Plaintiff's case at an hourly rate of $125.00.   <u>See Memorandum</u>, Ex. A, <u>Itemized Statement for EAJA Petition for Services Rendered by Peter C. Drummond</u>.  Based on the amount of time spent on this matter and the issues involved, the Court finds that attorney Drummond's fee is reasonable, and accordingly awards Plaintiff the full amount of $3,406.25.

III.   <u>PARTY ENTITLED TO FEES</u>

The Court now turns to the question of whether the fee award should go directly to Plaintiff's counsel, or if it should, as urged by the Commissioner, be paid to Plaintiff.  The EAJA authorizes an award of attorneys' fees and expenses to "a prevailing party."   28 U.S.C. § 2412(d)(1)(A).  As the Commissioner points out, the Court of Appeals for

the Seventh Circuit has not addressed this issue, and the other Circuits are split on the matter.  See Bryant v. Commissioner of Soc. Sec., 578 F.3d 443, 448 (6th Cir. 2009) (award to party, not attorney); Stephens v. Astrue, 565 F.3d 131, 138 (4th Cir. 2009) (same); Manning v. Astrue, 510 F.3d 1246, 1255-56 (10th Cir. 2007)(same); contra Ratliff v. Astrue, 540 F.3d 800, 801 (8th Cir. 2008), cert. granted ___ U.S. ___, 130 S. Ct. 48 (Sept. 30, 2009) (fees to be paid to prevailing party's attorney).[1]  Plaintiff's counsel advances several public policy arguments in support of his position that the fee award should be payable directly to him.  However, after reviewing the cases cited above, and in light of the clear statutory language, the Court concludes that attorneys' fees and expenses in this case should be awarded directly to Plaintiff, as the "prevailing party."

THEREFORE, the Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (d/e 22) is GRANTED in part.  The Court awards Plaintiff Stephanie L. West attorneys' fees under the Equal Access to Justice Act in the amount of $3,406.25.

---

[1]The Court notes that district courts within the Seventh Circuit have awarded attorneys' fees and expenses directly to a prevailing party's counsel when there is a valid written assignment between the party and her attorney.  See, e.g., Gritzmacher v. Astrue, 2009 WL 196537, at *4 (W.D. Wis. Jan. 26, 2009); Irwin v. Astrue, 2008 WL 4099065, at *1 (N.D. Ind. Aug. 29, 2008).  In this case, though, there is no evidence of a written assignment between Plaintiff and her lawyer.

IT IS THEREFORE SO ORDERED.

ENTER:   March 12, 2010

      FOR THE COURT:

                    _____s/  Jeanne E. Scott_____
                             JEANNE E. SCOTT
                    UNITED STATES DISTRICT JUDGE